

# NUMBER 13-24-00372-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE ESTATE OF STEVEN ANDRE PRUE SR., DECEASED

---

### ON APPEAL FROM THE COUNTY COURT AT LAW NO. 2
### OF NUECES COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, West, and Fonseca**
**Memorandum Opinion by Justice Silva**

On July 29, 2024, pro se appellant Christopher Jeffrey Prue filed a notice of appeal attempting to appeal an order rendered in trial court cause number 2022-PR-00004-2. That same day, the Clerk of the Court notified appellant that if he had "not already done so, [he] should make a written request to the clerk and the court reporter and make arrangements to pay for the records." Appellant was further advised to remit a $205 filing fee. On August 12, 2024, the Clerk of the Court again notified appellant that he was delinquent in remitting the $205 filing fee. Appellant was further notified that the appeal

was subject to dismissal if the filing fee was not paid within ten days from the date of the notice. *See* TEX. R. APP. P. 42.3(c). Appellant failed to pay the filing fee and did not respond to the clerk's notice.

Upon review of the documents before the Court, it appeared appellant filed statements of inability to afford payment of court costs or an appeal bond in trial court cause numbers other than the one on appeal.[1] On September 23, 2024, we abated this matter and remanded the case to the trial court to determine whether appellant is indigent and entitled to a free appellate record. On October 10, 2024, the trial court held a hearing to determine appellant's indigency status and found that "he is not indigent" and not entitled to a free appellate record. The trial court submitted its findings and recommendations in a supplemental clerk's record and supplemental reporter's record. On October 23, 2024, the appeal was reinstated, and on October 31, 2024, the Clerk of the Court sent a final notice to the appellant that he was delinquent in remitting the $205 filing fee. The clerk further notified appellant that the appeal was subject to dismissal if the filing fee was not paid within ten days from the date of the notice. *See id*. The filing fee was never paid.

On November 21, 2024, we handed down our memorandum opinion and judgment dismissing the appeal for want of prosecution. Later that same day, appellant filed a letter regarding the trial court's decision on his indigency status. We construed his letter as a

---

[1] Attached to appellant's docketing statement were copies of two statements of inability to afford payment of court costs or an appeal bond. One statement was filed in trial court cause number 2022-PR-00004-2A on February 12, 2024, and the other statement was filed in trial court cause number 2022DCV-2620-H on September 22, 2022. Neither statement was filed in the trial court cause number involved in this appeal—2022-PR-00004-2.

timely filed motion for rehearing. On December 23, 2024, appellant filed a motion which, among other things, challenged the trial court's order finding him not indigent, citing Texas Rule of Civil Procedure 145. *See* TEX. R. CIV. P. 145(g); *see also* TEX. R. APP. P. 20.1(b). On January 17, 2025, in the interest of justice, the Court granted appellant's motion for rehearing, withdrew the memorandum opinion and judgment issued on November 21, 2024, and reinstated the appeal. On February 5, 2025, appellant filed a motion requesting to proceed without costs in this appeal.

On April 3, 2025, this Court denied appellant's December 23, 2024 motion challenging the trial court's October 10, 2024 order and, in accordance with the trial court's findings, denied appellant's motion requesting to proceed without costs in this appeal.

On April 8, 2025, the Clerk of the Court sent appellant a final notice that he was delinquent in remitting a $205 filing fee for "the notice of appeal" filed on July 29, 2024; a $10 filing fee for a "motion to withdraw filed on September 9, 2024"; a $10 filing fee for a "motion to appeal trial court judgment on indigent status filed on October 22, 2024"; a $10 filing fee for a "motion to review indigency status filed on November 21, 2024"; a $15 filing fee on a "motion for rehearing"; and a $10 filing fee on a "motion to reinstate." Appellant was further notified that the appeal was subject to dismissal if the filing fees were "not paid by Tuesday, April 22, 2025." *See* TEX. R. APP. P. 42.3(c). To date, appellant has failed to pay the filing fees.

Texas Rule of Appellate Procedure 42.3 permits an appellate court to dismiss the appeal for want of prosecution for failure to comply with a requirement of the appellate

3

rules. *See id*. The Court, having considered the documents on file and appellant's failure to pay the filing fees, is of the opinion that the appeal should be dismissed for this reason. Accordingly, the appeal is dismissed for want of prosecution. *Id*.

CLARISSA SILVA
Justice

Delivered and filed on the
1st day of May, 2025.

4